# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANNE ARI,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DEBORAH L. PATRICK, Warden,<br><br>　　　　　Respondent. | 1:07-CV-00657 LJO NEW (DLB) HC<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO EXHAUST STATE REMEDIES |

　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　On May 1, 2007, Petitioner filed the instant federal petition for writ of habeas corpus in this Court.

**DISCUSSION**

　　　Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). Otherwise, the Court will order

1 Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases.

2 A petitioner who is in state custody and wishes to collaterally challenge his conviction by a
3 petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The
4 exhaustion doctrine is based on comity to the state court and gives the state court the initial
5 opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501
6 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,
7 1163 (9th Cir. 1988).

8 A petitioner can satisfy the exhaustion requirement by providing the highest state court with a
9 full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v.
10 Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88
11 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full
12 and fair opportunity to hear a claim if the petitioner has presented the highest state court with the
13 claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504
14 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

15 Additionally, the petitioner must have specifically told the state court that he was raising a
16 federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669
17 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999);
18 Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court
19 reiterated the rule as follows:

20 In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
of state remedies requires that petitioners "fairly presen[t]" federal claims to the
21 state courts in order to give the State the "'opportunity to pass upon and correct
alleged violations of the prisoners' federal rights" (some internal quotation marks
22 omitted). If state courts are to be given the opportunity to correct alleged violations
of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
23 are asserting claims under the United States Constitution. If a habeas petitioner
wishes to claim that an evidentiary ruling at a state court trial denied him the due
24 process of law guaranteed by the Fourteenth Amendment, he must say so, not only
in federal court, but in state court.
25
Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:
26
Our rule is that a state prisoner has not "fairly presented" (and thus
27 exhausted) his federal claims in state court *unless he specifically indicated to
that court that those claims were based on federal law*. See Shumway v. Payne,
28 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in

>   Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>      In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Upon review of the instant petition for writ of habeas corpus, it appears that Petitioner may not have presented her grounds to the California Supreme Court. If Petitioner has not done so, the Court cannot proceed to the merits of her claims. 28 U.S.C. § 2254(b)(1). It is possible, however, that Petitioner has presented her claims to the California Supreme Court and simply neglected to inform this Court. Thus, Petitioner must inform the Court if she has presented her claims to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court.

## ORDER

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the petition should not be dismissed for Petitioner's failure to exhaust state remedies. Petitioner is ORDERED to inform the Court, within thirty (30) days of the date of service of this order, whether she has presented her claims to the California Supreme Court.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 11-110.

   IT IS SO ORDERED.

   Dated:   **June 14, 2007**           /s/ **Dennis L. Beck**
                              UNITED STATES MAGISTRATE JUDGE